UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION

: 3:09-md-02100-DRH-PMF

: MDL No. 2100

:

------------------------------------------------------------ :

**This document relates to:**

Tanner et al v. Bayer Corporation et al., 3:09-cv-20002-DRH-PMF

Jirbi v. Bayer Corporation et al., 3:09-cv-20005-DRH-PMF

: Judge David R. Herndon

ORDER

------------------------------------------------------------ X

**ORDER**

**HERNDON, Chief Judge:**

This matter comes before the Court on motions to dismiss filed by Defendant McKesson Corporation ("McKesson") in the above captioned cases (*Jirbi* and *Tanner*). In *Jirbi*, McKesson is seeking an order pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure dismissing the Sixth through Tenth Causes of Action and striking Plaintiff Tamera Jirbi's request for punitive damages as against McKesson. In *Tanner*, McKesson is seeking an order pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure dismissing the Sixth through Ninth and Eleventh Causes of Action and

striking Plaintiffs Bridget Renee Tanner and Russel Tanner's request for punitive damages.  For the reasons set forth below, McKesson's motions are **GRANTED**.

**Background**

Plaintiffs filed virtually identical products liability complaints in San Francisco Superior Court against McKesson and other Defendants for damages allegedly associated with Plaintiff's alleged ingestion of the oral contraceptive Yasmin.  Bayer subsequently removed the actions to the Northern District of California on diversity grounds (*Tanner*, 3:09-cv-2002 Doc. 1; *Jirbi*, 3:09-cv-20005 Doc. 1).  In October 2009, both actions were transferred to this Multidistrict Litigation with McKesson's motions to dismiss pending (*Tanner*, 3:09-cv-2002 Doc. 84; *Jirbi*, 3:09-cv-20005 Doc. 41).  To date, Plaintiffs have not responded in any way to McKesson's motions to dismiss.

In *Tanner*, four of the causes of action alleged against McKesson are for fraud or negligent misrepresentation: The Sixth Cause of Action is for Fraudulent Misrepresentation; the Seventh Cause of Action is for Fraudulent Concealment; the Eighth Cause of Action is for Negligent Misrepresentation; and the Ninth Cause of Action is for Fraud and Deceit. (*Tanner*, 3:09-cv-2002 Doc. 1 at ¶¶ 67-107).  In all of these causes of action Plaintiffs solely refer to Defendants collectively.  *Id.*  McKesson moves the Court for an Order pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure dismissing the Sixth Cause of Action, Seventh Cause of Action, Eighth Cause of Action and Ninth

Cause of Action of Plaintiffs' Complaint for failure to plead these claims with the specificity required by law.  McKesson also moves the Court for an Order pursuant to Rule 12(b)(6) dismissing the Eleventh Cause of Action of Plaintiffs' Complaint for Punitive Damages because it does not state a legal theory upon which relief can be granted.  McKesson further moves the Court for an Order pursuant to Rule 12(f) striking the prayer for punitive damages on the ground that fraudulent, malicious, or oppressive conduct on the part of McKesson is not sufficiently plead.

In *Jirbi*, Five of the causes of action alleged against McKesson are for fraud or negligent misrepresentation: The Sixth Cause of Action for Fraudulent Misrepresentation; the Seventh Cause of Action for Fraudulent Concealment; the Eighth Cause of Action for Negligent Misrepresentation; the Ninth Cause of Action for Fraud and Deceit; and the Tenth Cause of Action for Violation of State Consumer Fraud & Deceptive Trade Practices Acts (*Jirbi*, 3:09-cv-20005 Doc. 1 at ¶¶ 67-118).  In all of these causes of action Plaintiff solely refers to defendants collectively. *Id.*  McKesson moves the Court for an Order pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure dismissing the Sixth through Tenth Causes of Action of Plaintiff's Complaint for failure to plead these claims with the specificity required by law. McKesson also moves the Court for an Order pursuant to Rule 12(f) striking Plaintiff's requests for punitive damages on the ground that Plaintiff fails to sufficiently plead any fraudulent, malicious, or oppressive conduct on the part of McKesson.

**Analysis**

As noted above, despite having more than a year to do so, the Plaintiffs in the above captioned actions have failed to file any response to McKesson's respective motions to dismiss. Therefore, pursuant to **LOCAL RULE 7.1(c)**, which states in part that "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion," the Court hereby **ORDERS** as follows:

I.   **Tanner et al v. Bayer Corporation et al., 3:09-cv-20002-DRH-PMF**

As to Defendant McKesson, Plaintiffs Bridget Renee Tanner and Russell Tanner's Sixth Cause of Action, Seventh Cause of Action, Eighth Cause of Action, Ninth Cause of Action, and Eleventh Cause of Action are **DISMISSED**.

II.   **Jirbi v. Bayer Corporation et al., 3:09-cv-20005-DRH-PMF**

1. As to Defendant McKesson, Plaintiff Tamera Jirbi's Sixth Cause of Action, Seventh Cause of Action, Eighth Cause of Action, Ninth Cause of Action, and Tenth Cause of Action are **DISMISSED**.
2. Further, as to Defendant McKesson, the requests for punitive damages in Plaintiff Tamera Jirbi's First Cause of Action, Second Cause of Action, Third Cause of Action, Fourth Cause of Action, and Fifth Cause of Action and in the Prayer for Relief are **STRICKEN**. Accordingly, the following language in the Complaint shall be stricken as to McKesson:

- "punitive damages to punish and deter any such conduct in the future," (Doc. 1 Count I, p. 19 l. 24;  Doc. 1 Count II p. 21 l. 13; Doc. 1 Count III p. 22 l. 14; Doc. 1 Count IV p. 23  l. 5; Doc. 1 Count V p. 24 l. 14)

- "d. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiff in an amount sufficient to punish defendants and deter future similar conduct." (Doc. 1 p. 34 ll. 18-21 (¶ d)).

**IT IS SO ORDERED.**

David R. Herndon
2010.12.03
16:15:12 -06'00'

**Chief Judge**                                                       **Date: December 3, 2010**
**United States District**